UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| TUFAMERICA, INC. d/b/a TUFF CITY RECORDS, | Index No. 24-cv-2585 |
| Plaintiff, | |
| - against- | **COMPLAINT** |
| UNIVERSAL MUSIC PUBLISHING, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

-------------------------------------------------------------------X

Plaintiff TufAmerica, Inc. d/b/a Tuff City Records ("Plaintiff"), by and through its undersigned attorneys, hereby files this Complaint against Universal Music Publishing, Inc. ("Defendant"), and alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for copyright infringement, and for declaratory and injunctive relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), as this matter involves, *inter alia*, violation of a federally-registered copyright. Plaintiffs seek a declaratory judgment under the Declaratory Judgment Act pursuant to 28 U.S.C. § 2201.

3. Venue in this district is proper as to Defendant pursuant to 28 U.S.C. § 1391(b)(1), (2) and (3), and New York Civ. Prac. L. & R. §§ 301 and 302(a)(3)(i) and (ii), because Defendant (a) does business from one or more New York City addresses, (b) regularly does and solicits business, and engages in a persistent course of conduct, and derives substantial revenue from goods used or consumed or services rendered, in the state of New York, (c) because Defendant expects or should reasonably expect its services to have consequences in the

state of New York, and (d) because Defendant derives substantial revenue from interstate and international commerce.

## THE PARTIES

4. Plaintiff is a New York corporation located at 439 West 43rd Street, New York, New York 10036. Plaintiff owns and administers the copyrights to tens of thousands of musical recordings and compositions from the genres of Blues, Rhythm and Blues, Jazz, Funk, Soul, Hip-Hop, New Orleans and Latin Music, much of which might otherwise fall into obscurity.

5. Defendant is a California corporation and one of the world's leading global music publishers, with places of business at 2105 Colorado Avenue, Santa Monica, California 90404 and 1755 Broadway, New York, New York 10019.

6. Defendant conducts systematic and continuous business in the State of New York, including but not limited to, reproducing, distributing, and publicly performing, and/or authorizing the reproduction, distribution, and public performance of musical compositions.

## FACTUAL SUMMARY

7. Plaintiff is owner of all rights in and to the musical composition entitled "Impeach the President," and holds a U.S. Copyright Registration (SR0000136339) in connection with that musical composition and sound recording of the composition.

8. A true and correct copy of Copyright Registration SR0000136339 is attached hereto as **Exhibit A**.

9. The "deposit copy" submitted to the U.S. Copyright Office in connection with the registration was the commercially-released sound recording (in vinyl record format) of the composition.

10. Defendant is the music publisher of the musical composition entitled "Real Love." "Real Love" was recorded by Mary J. Blige for UMG Recordings, Inc. ("UMG").

11. Both the "Real Love" sound recording and the "Real Love" musical composition contain an uncleared sample from "Impeach the President."

12. Plaintiff has advised Defendant repeatedly of the presence of the uncleared sample from "Impeach the President" in "Real Love," and Defendant has repeatedly refused to engage Plaintiff in substantive negotiations to rectify the foregoing, let alone agreed to compensate Plaintiff for the past infringement or on an ongoing basis.

13. Defendant's refusal to cooperate with Plaintiff is difficult to reconcile with the fact that Plaintiff reached an agreement with UMG Recordings, Inc. with respect to the presence of the uncleared sample from "Impeach the President" on the master sound recording of "Real Love."

## AS AND FOR A FIRST CAUSE OF ACTION
### (Copyright Infringement)

14. Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

15. Plaintiff is the owner of the musical composition "Impeach the President."

16. Plaintiff holds a federal copyright registration for the musical composition "Impeach the President."

17. Defendant, or people acting at its direction or under its control, had access to the musical composition "Impeach the President."

18. Defendant, or people acting at its direction or under its control, without the permission or consent of Plaintiff, and without authority, incorporated an uncleared sample from the musical composition "Impeach the President" into the musical composition "Real Love."

19. Defendant, or people acting at its direction or under its control, without the

3

permission or consent of Plaintiff, and without authority, have publicly performed or otherwise exploited an uncleared sample from the musical composition "Impeach the President" by virtue of their public performance or exploitation of the musical composition "Real Love."

20. Defendant's conduct constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to publicly perform the musical composition "Impeach the President," 17 U.S.C. § 106(4) (the copyright owner has the exclusive right to perform and authorize others to perform the copyrighted work publicly); and (B) the right to prepare derivative works of the musical composition "Impeach the President," 17 U.S.C. § 106(2) (the copyright owner has the exclusive right to prepare and authorize others to prepare derivative works based on a copyrighted work).

21. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

22. As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to its actual damages plus Defendant's profits from infringement, as will be proven at trial, pursuant to 17 U.S.C. § 504(b).

23. In the alternative, at Plaintiff's election, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), of up to $150,000.

24. Defendant's conduct has caused, is causing, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant to immediately stop exploiting the musical composition "Impeach the President," and by extension the musical composition "Real Love," and stop making the musical composition "Real Love" available for use by others.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Declaratory Judgment)**

25. Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

26. Pursuant to 28 U.S.C. § 2201, the Court may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is, or could be, sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

27. Plaintiff is the owner of the musical composition "Impeach the President."

28. Plaintiff holds a federal copyright registration for the musical composition "Impeach the President."

29. Defendant, or people acting at its direction or under its control, had access to the musical composition "Impeach the President."

30. Defendant, or people acting at its direction or under its control, without the permission or consent of Plaintiff, and without authority, incorporated an uncleared sample from the musical composition "Impeach the President" into the musical composition "Real Love."

31. Defendant, or people acting at its direction or under its control, without the permission or consent of Plaintiff, and without authority, have publicly performed or otherwise exploited an uncleared sample from the musical composition "Impeach the President" by virtue of their public performance or exploitation of the musical composition "Real Love."

32. Defendant's conduct constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to publicly perform the musical composition "Impeach the President," 17 U.S.C. § 106(4) (the

copyright owner has the exclusive right to perform and authorize others to perform the copyrighted work publicly); and (B) the right to prepare derivative works of the musical composition "Impeach the President," 17 U.S.C. § 106(2) (the copyright owner has the exclusive right to prepare and authorize others to prepare derivative works based on a copyrighted work).

33. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

34. Plaintiff repeatedly notified Defendant in writing of Plaintiff's ownership rights in the musical composition "Impeach the President," and on February 13, 2024 advised Defendant that if it did not immediately cease and desist from exploiting the musical composition "Impeach the President" by February 23, 2024, Plaintiff would pursue legal action against them.

35. Defendant did not respond to Plaintiff by February 23, 2024.

36. By reason of the foregoing, there is a present controversy between Plaintiff and Defendant regarding Defendant's infringement of Plaintiff's copyright in the musical composition "Impeach the President."

37. Plaintiff seeks a declaration that it is the owner of all rights in and to the musical composition "Impeach the President," and a declaration that Defendant's ongoing exploitation of the musical composition "Impeach the President," through the incorporation of an uncleared sample of the musical composition "Impeach the President" in the musical composition "Real Love" constitutes copyright infringement.

38. Upon entry of an order granting the sought after Declaratory Judgment, Plaintiff requests the Court order Defendant to pay attorney's fees pursuant to 17 U.S.C. ¶ 505, and expenses incurred by Plaintiff in connection with this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Injunctive Relief)

39. Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

40. Plaintiff is the owner of the musical composition "Impeach the President."

41. Plaintiff holds a federal copyright registration for the musical composition "Impeach the President."

42. Defendant, or people acting at its direction or under its control, had access to the musical composition "Impeach the President."

43. Defendant, or people acting at its direction or under its control, without the permission or consent of Plaintiff, and without authority, incorporated an uncleared sample from the musical composition "Impeach the President" into the musical composition "Real Love."

44. Defendant, or people acting at its direction or under its control, without the permission or consent of Plaintiff, and without authority, have publicly performed or otherwise exploited an uncleared sample from the musical composition "Impeach the President" by virtue of their public performance or exploitation of the musical composition "Real Love."

45. Defendant's conduct constitutes infringement of Plaintiff's exclusive rights under the Copyright Act, including but not limited to: (A) the right to publicly perform the musical composition "Impeach the President," 17 U.S.C. § 106(4) (the copyright owner has the exclusive right to perform and authorize others to perform the copyrighted work publicly); and (B) the right to prepare derivative works of the musical composition "Impeach the President," 17 U.S.C. § 106(2) (the copyright owner has the exclusive right to prepare and authorize others to prepare derivative works based on a copyrighted work).

46. Defendant's acts of infringement have been willful, intentional, and purposeful, in

disregard of and indifferent to the rights of Plaintiff.

47. As a direct and proximate result of the copyright infringement and other violations detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendant, and anyone acting at its direction or under its control, from infringing Plaintiff's copyright in the musical composition "Impeach the President," pursuant to 17 U.S.C. § 502 and common law principles of contract law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TufAmerica, Inc. d/b/a Tuff City Records, prays for judgment against Defendant Universal Music Publishing, Inc. as follows:

1. Damages to Plaintiff for Defendant's willful infringement of Plaintiff's copyright in the musical composition "Impeach the President";

2. Declaratory Judgment that Plaintiff is the owner of the copyright in the musical composition "Impeach the President," that Defendant has infringed Plaintiff's copyright in the musical composition "Impeach the President," and that Defendant must pay Plaintiff for the damages arising from said infringement;

3. For preliminary and permanent injunctive relief enjoining and restraining Defendant, and anyone acting at its direction or under its control, from further exploiting the musical composition "Impeach the President";

4. For pre- and post-judgment interest according to law;

5. For reimbursement of Plaintiff's expenses, including attorney's fees, incurred in connection with the enforcement of its rights; and

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: New York, New York  
       April 4, 2024

PARNESS LAW FIRM, PLLC

By:   /s/ Hillel I. Parness  
Hillel I. Parness (HP-1638)  
136 Madison Ave., 6th Floor  
New York, New York 10016  
(212) 447-5299  
hip@hiplaw.com  
*Attorneys for Plaintiff TufAmerica, Inc.*  
  *d/b/a Tuff City Records*