Case 1:24-cv-02585-DEH     Document 59     Filed 11/27/24     Page 1 of 4     **MEMO ENDORSED**



Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Joelle A. Milov**
(212) 790-9247
jam@cll.com

November 12, 2024

<u>VIA ECF</u>

Hon. Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

      Re:    *TufAmerica, Inc. d/b/a Tuff City Records v. Songs of Universal, Inc.*,
               24- cv-2585 (DEH): Defendant and Non-Party UMG Recordings, Inc.'s Letter
               <u>Motion to Seal</u>

Dear Judge Ho:

      We represent Defendant Songs of Universal, Inc. ("Defendant") in the above-referenced action. We also represent non-party UMG Recordings, Inc. ("UMG") in connection with this motion to seal. Defendant and UMG (collectively, "Sealing Movants") write to request leave to file one document, submitted in connection with Defendant's Motion to Dismiss ("Defendant's Motion to Dismiss"), in redacted form. Sealing Movants request permission to redact portions of a document that includes confidential, commercially sensitive information of UMG that is also subject to a confidentiality provision (collectively, the "Requested Redactions"). The Requested Redactions are identified by yellow highlighting in Exhibit A to the Declaration of Joelle A. Milov in Support of Defendant and Non-Party UMG's Motion to Seal. The Requested Redactions have been redacted from Exhibit J to the Declaration of Joelle A. Milov (ECF Dkt # 43-10) in Support of Defendant's Motion to Dismiss, filed concurrently with this Motion to Seal.

      In its Amended Complaint, Plaintiff TufAmerica, Inc. d/b/a Tuff City Records ("Plaintiff") alleges that the composition "Real Love" contains an uncleared "sample" of a few "drum sounds" from its composition, "Impeach the President." Am. Compl., ECF Dkt # 36, ¶ 13. On this basis, Plaintiff alleges that "Real Love" infringes the musical composition of "Impeach the President." There exist two separate copyrights in music—one related to the composition of a work and the other to a sound recording—and the alleged infringement of a composition does not ineluctably follow from the infringement of a sound recording. *See Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 205 (S.D.N.Y. 2019); *see, e.g.*, *Newton v. Diamond*, 349 F.3d 591 (9th Cir. 2003). Nonetheless, Plaintiff insinuates that Defendant infringes the *composition* of "Impeach the President" because non-party UMG settled Plaintiff's claim of infringement based on "Real Love" having allegedly sampled the *sound recording* of "Impeach

29988/008/4751730

**Cowan, Liebowitz & Latman, P.C.**
Hon. Dale E. Ho
November 12, 2024
Page 2

the President." *See* Am. Compl. ¶¶ 13-22. According to Plaintiff, Defendant's failure to compensate it for the alleged usage of an uncleared sample of "Impeach the President" in the composition of "Real Love" "is difficult to reconcile with the fact that Plaintiff reached an agreement with UMG [] [the "UMG Agreement"] with respect to the presence of the uncleared samples from 'Impeach the President' on the master sound recording of 'Real Love.'" *Id.* ¶¶ 21-22.

Although the UMG Agreement, which contains a confidentiality provision, was not attached to the Complaint, it was incorporated by reference and can be considered in conjunction with Defendant's Motion to Dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Sealing Movants seek to submit a redacted portion of the first page of the UMG Agreement, as well as a non-redacted signature page from the agreement, in connection with Defendant's Motion to Dismiss to show that Plaintiff was aware of its claim more than three years prior to filing the Complaint, as is relevant to Defendant's statute of limitations argument. Defendant also wishes to refer to that portion of the UMG Agreement in which UMG disclaimed any admission of liability or wrongdoing to controvert Plaintiff's description of the agreement.

The Requested Redactions comport with Second Circuit case law, which applies the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.* at 119–20. This Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access" to documents filed on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

First, the request is consistent with the Second Circuit's recognition that the right of public access to judicial documents is not absolute, and that the "court must balance competing considerations" and seal documents or information where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). The Requested Redactions are "narrowly tailored" because they only redact confidential, commercially sensitive, and previously non-disclosed business and commercial information that should be protected from disclosure. *See Vinci Brands LLC v. Coach Servs.*, No. 23-cv-5138, 2023 WL 6289969, at *2 (S.D.N.Y. Sept. 27, 2023) ("[W]here the parties seek to redact financial information such as licensing fees and [a] loan amount, production timelines and information about manufacturers, suppliers or distributors, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings.").

Second, the Requested Redactions relate to information that is irrelevant to the merits of Defendant's Motion to Dismiss. Defendant seeks to submit a portion of the UMG Agreement for the sole purposes of showing that Plaintiff had long been aware of this matter and that UMG disclaimed liability in the agreement; any specific settlement term is not relevant to the grounds

**Cowan, Liebowitz & Latman, P.C.**
Hon. Dale E. Ho
November 12, 2024
Page 3

on which Defendant moves to dismiss. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low and amounts to little more than a prediction of public access absent a countervailing reason." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Under these circumstances, sealing by redaction is appropriate. *See Monk v. Goldman Sachs & Co. LLC*, No. 22-CV-6056 (JMF), 2023 WL 22618, at *7 (S.D.N.Y. Jan. 3, 2023) ("[T]he Court concludes that the settlement amount may be redacted from the Settlement Agreement. The settlement amount had no relevance to the Goldman Defendants' motion to compel arbitration, and the law favors confidentiality of such information to incentivize the resolution of disputes."); *Rubik's Brand Ltd. v. Glambeau, Inc.*, No. 17-cv-6559, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (agreeing to seal preliminary report that was "only marginally relevant to the claims asserted in this case"). The Requested Redactions involve a contract resolving a dispute about a *sound recording* copyright that is not at in this dispute regarding a copyright in the *musical composition* of a work and therefore provides no specific benefit to the public. If this Court grants the request to redact, the public will still have ample information available to it to understand the underlying dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication").

Third, there is a strong countervailing interest in maintaining the confidentiality of competitively sensitive business information. The Requested Redactions include sensitive and confidential commercial information, including sales information, the disclosure of which would cause competitive harm to non-party UMG in the music industry because it could affect UMG in negotiating future settlements or licensing agreements. *See, e.g.*, *Rubik's Brand*, 2021 WL 1085338, at *1 (agreeing that disclosure of trademark licensing agreement "could harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements."). Courts in this District routinely seal documents related to royalty and sales figures. *See, e.g.*, *Red Hawk, LLC v. Colorforms Brand LLC*, 2024 WL 1075282, at *1-2 (S.D.N.Y. Feb. 9, 2024) (granting motion to seal when parties requested redactions, included "confidential royalty rates between [defendant] and a third party, . . . financial terms of a contract between [defendant] and a third party, and confidential sales information."). The competitive disadvantages that would flow to UMG if such information were disclosed outweigh the general public interest in disclosure. *See Lugosch*, 435 F.3d at 120. Moreover, the Requested Redactions are narrowly tailored just to avoid competitive harm. *See, e.g.*, *Rubik's Brand*, 2021 WL 1085338, at *2 (agreeing that disclosure of testimony related to "projected sales, net sales, and revenue figures for the relevant time period . . . cover material that, if disclosed, would competitively harm Flambeau[, because] . . . a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model. Further, the Court also finds that the proposed redactions are narrowly tailored to avoid that potential harm.").

Cowan, Liebowitz & Latman, P.C.
Hon. Dale E. Ho
November 12, 2024
Page 4

Fourth, the public interest in the details that Defendant seeks to redact is limited compared to the interest of private parties, including the legitimate privacy interest of non-party UMG. Indeed, the Second Circuit has held that "'the privacy interest of innocent third parties . . . should weigh heavily in a court's balancing equation.'" *Amodeo*, 71 F.3d at 1050 (citation omitted). For example, when parties in *Red Hawk, LLC v. Colorforms Brand LLC* requested that the court allow them to redact information related to "confidential royalty rates between [defendant] and a third party, . . . financial terms of a contract between [defendant] and a third party, and confidential sales information", the court found that "as nonparties to this litigation, [defendant]'s contractual counterparties—including licensees and licensors—have a legitimate privacy interest that 'should weigh heavily in a court's balancing equation'" 2024 WL 551543, at *1-2 (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-90 (2d Cir. 1990)). The Court should similarly find here that UMG's privacy interest in its confidential contractual terms, which includes confidential royalty information, should weigh heavily in the court's balancing analysis.

For these reasons, Sealing Movants respectfully requests that the Court permit the Requested Redactions identified by highlighting in Exhibit A to the Declaration of Joelle A. Milov in Support of Defendant and UMG's Motion to Seal. We thank the Court for its attention to this matter.

The Court is in receipt of the endorsed sealing request. Defendant's application is GRANTED. The document in question, ECF No. 52-1, is a "judicial document" in that it is relevant to this Court's performance of its judicial function. *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Thus, there's a "strong presumption" of public access to it, and the Court may not order it sealed without making a "specific, on-the-record finding that sealing is necessary to preserve higher values" and issuing a "narrowly tailored" sealing order. *Id.*

Here, the Court finds that sealing, in the form of a partial redaction, is necessary to preserve higher values. The information that Defendant seeks to have redacted relates to the terms of a settlement agreement between Plaintiff and a commercial non-party. It is well-established that sensitive commercial information is not afforded a presumption of public access. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). It is also common in this district for courts to order sealing or redaction of documents in the name of a third party's personal privacy interests. *See Under Seal v. Under Seal*, 273 F. Supp.3d 460, 467 (S.D.N.Y. 2017).

Defendant seeks to use the document as a whole to support its motion to dismiss, but the specific information to be redacted (i.e., the settlement terms and amount) has no bearing on the merits of Defendant's motion. Absent such relevance, the Court finds that partial sealing (i.e., redacting this information) is appropriate. *Cf. United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (finding low presumption of public access to documents and testimony that "play only a negligible role in the [Court's] performance of [its] Article III duties.").

Moreover, the Court also finds that the request is sufficiently narrowly tailored insofar as it redacts only financial information that is confidential and commercially sensitive. *Cf. Johnson v. Esports Entertainment Group, Inc.*, No. 22 Civ. 10861, 2023 WL 6035668, at *2 (S.D.N.Y. Sept. 14, 2023) ("The Court finds that the redactions are narrowly tailored as they do not redact non-financial terms that are relevant to this action.").

For the reasons outlined above, Defendant's application is GRANTED. Defendant shall file a redacted version of the document on the public docket. SO ORDERED. The Clerk of Court is directed to terminate ECF No. 50.

Dated: November 26, 2024          Dale E. Ho
New York, New York                United States District Judge