


(212) 575-0671 Fax
www.cll.com

**Joelle A. Milov**
(212) 790-9247
jam@cll.com

November 15, 2024

**VIA ECF**

Hon. Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

    Re:    *TufAmerica, Inc. d/b/a Tuff City Records v. Songs of Universal, Inc.*,
              24- cv-2585 (DEH): Defendant's Letter Motion to Stay Discovery Pending
              <u>Defendant's Motion to Dismiss</u>

Dear Judge Ho:

        We represent Defendant Songs of Universal, Inc. ("SOU") in the above-captioned action. We write to request that the Court stay discovery into the merits of the action pending resolution of SOU's Motion to Dismiss (ECF Dkt # 46-49). Plaintiff TufAmerica, Inc. d/b/a Tuff City Records ("Plaintiff") joins in SOU's request to stay discovery, but not in SOU's assertions and arguments, and reserves its right to submit its own letter on the matter next week.

        Plaintiff filed its copyright infringement Complaint on April 4, 2024, alleging that the composition "Real Love" contains an uncleared sample from its composition, "Impeach the President." Compl., ECF Doc. No. 1, ¶ 11. Defendant Universal Music Publishing, Inc. ("UMP") filed its motion to dismiss the Complaint on September 23, 2024, and, in response Plaintiff filed its First Amended Complaint against SOU on October 29, 2024. On November 12, 2024, SOU moved to dismiss Plaintiff's First Amended Complaint, contending, *inter alia*, that the First Amended Complaint failed to state a claim because the works at issue were not substantially similar as a matter of law. ECF Dkt # 46-49.

        The Court So-Ordered the Parties' Civil Case Management Plan and Scheduling Order (the "Scheduling Order") on August 29, 2024. Under the Scheduling Order, all fact discovery is to be completed by February 3, 2025. By consent, the deadlines in 7(b)-(c) in the Scheduling Order for service of document requests and interrogatories was extended until November 25, 2024. As of the date of this letter, neither party has served document requests or interrogatories. However, based on the initial disclosures the Parties have exchanged, fact discovery will likely be broad, covering Plaintiff's authorship and/or ownership of the composition "Impeach the President," including an implicated written transfer agreement; the creation of the "Real Love" composition and consent obtained for use of a separate composition, "Top Billin'", in connection with "Real Love"; the fame and popularity of "Real Love", including Plaintiff's knowledge

29988/008/4754225

**Cowan, Liebowitz & Latman, P.C.**
Hon. Dale E. Ho
November 15, 2024
Page 2

thereof; and discovery on Plaintiff's damages claim. Given that the "Impeach the President" and "Real Love" compositions were released many decades ago, discovery of relevant documents is likely going to prove more difficult to complete than other cases where relevant documents may be stored in easily accessible digital files. Moreover, the Parties will each likely utilize one or more experts during expert discovery.

"Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery 'for good cause.' 'Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay.'" *Boelter v. Hearst Communs., Inc.*, No. 15-cv-03934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (citation omitted). In determining whether a stay of discovery is appropriate, "'a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion.'" *Id.* Here, all factors weigh in favor of staying discovery pending a decision on Defendant's motion to dismiss.

First, the discovery at issue will require significant effort, particularly because locating documents from decades ago and witnesses from whom no one has heard in many years will likely prove logistically challenging to both Plaintiff and Defendant. This burden militates in favor of granting a stay. *See id.* at *14 ("Defendant contends (and Plaintiff does not deny) that her other requests require the production of significant additional information that covers a different time period. Plaintiff's requests are broad and demand extensive responses.").

Second, Defendant has submitted a well-grounded motion to dismiss that, if granted, would dispose of the entire action. Specifically, SOU has moved to dismiss the Amended Complaint on the basis that "Impeach the President" and "Real Love" are not substantially similar as a matter of law. *See Turman v. Abyssinian Baptist Church*, No. 23-cv-11304, 2024 U.S. Dist. LEXIS 100813, at *2 (S.D.N.Y. June 6, 2024) (Ho, J.) (granting stay pending motion to dismiss); *see generally Gong v. Savage*, No. 23-cv-7355 (S.D.N.Y.), Dkt. #70 (granting letter motion to stay pending resolution of motion to dismiss complaint that included copyright infringement claim). Under these circumstances, "ordering discovery to proceed at this time would result in an excessive burden on Defendant." *Boelter*, 2016 WL 361554, at *5.

Finally, Plaintiff can make no claim of prejudice due to the stay and joins in the request to stay discovery. *See supra*. As discussed in Defendant's motion to dismiss (*see* ECF Dkt # 47), Plaintiff has known about its potential infringement claim for more than three years prior to the date when it filed this action. Having waited to so long to bring its claim, Plaintiff cannot be heard now to complain that a short delay for resolution of a potentially dispositive motion would be prejudicial to its position. *See Marchante v. Reuters Am. LLC*, No. 23-CV-8864 (DEH), 2023 U.S. Dist. LEXIS 218037, at *2-3 (S.D.N.Y. Dec. 7, 2023) (Ho, J.) ("Finally, and of particular significance to the Court's decision, is the lack of prejudice to Plaintiff caused by a stay. Plaintiff's written and oral submissions do not establish that he would suffer any prejudice by waiting for a decision on Defendants' motion."). Given that discovery into this matter would be costly, and Defendant has raised serious concerns as to whether Plaintiff has stated claims for relief as a matter of law, "it is . . . prudent to postpone the significant costs of discovery at this juncture." *Boelter*, 2016 WL 361554, at *5.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Dale E. Ho
November 15, 2024
Page 3

      While SOU believes that a stay of discovery pending decision on its pending motion to dismiss is appropriate, should the Court not be inclined to grant the stay, SOU requests, in the alternative, that the Court order the Parties to submit a Revised Civil Case Management Plan and Scheduling Order, pursuant to Rule 2(e)(iv) of Your Honor's Individual Practices.  The discovery deadlines set forth in the Scheduling Order are no longer feasible.  The Scheduling Order was completed prior to the time when UMP filed its motion to dismiss and prior to when UMP consented to a three-week extension of time for Plaintiff to respond to UMP's motion to dismiss.  ECF Dkt. #s 23, 25-28, 33.  Further, Plaintiff has recently filed an Amended Complaint. ECF Dkt. # 36.  Given these delays, it is SOU's view that the Parties will be unable to complete fact discovery by February 3, 2025 or expert discovery by March 19, 2025 and should accordingly revise the Scheduling Order.  As with the request for a stay of discovery, Plaintiff joins in this alternative request, but does not join in SOU's assertions and arguments, and reserves its right to submit its own letter on the matter next week.

      We thank the Court for its time and consideration.

Respectfully,

COWAN, LIEBOWITZ & LATMAN, P.C.
*Attorneys for Defendant Songs of Universal, Inc.*

By: _/s/ Joelle A. Milov_
     Joelle A. Milov

**Application GRANTED.** All discovery deadlines are STAYED pending the Court's resolution of Defendant's Motion to Dismiss.  SO ORDERED.  The Clerk of Court is respectfully directed to terminate ECF Nos. 54 and 65.

Dated: January 3, 2025
New York, New York

_/s/ Dale E. Ho_
Dale E. Ho
United States District Judge