UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TufAmerica, Inc., <br><br>         Plaintiff, <br><br>       v. <br><br> Songs of Universal, Inc., <br><br>         Defendant. | 24-CV-2585 (DEH) <br><br> <u>ORDER</u> |

DALE E. HO, United States District Judge:

  Currently before the Court are three Motions to Seal. ECF Nos. 29, 46, and 56. One of these Motions, ECF No. 29, was submitted in connection with Defendant's Motion to Dismiss the Complaint, ECF No. 25. The other two Motions, ECF Nos. 56 & 60, were submitted in connection with Defendant's Motion to Dismiss the Amended Complaint, ECF No. 46.

  The Court has already granted a motion to seal that was, functionally, the same as the pending Motion to Seal at ECF No. 29. Both ECF No. 29, which is currently pending, and ECF No. 50, which has been granted, concern the exact same document: the "Settlement Agreement and General Release" between Plaintiff and a non-party, UMG Recordings, Inc. Defendant requests that the unredacted version of this agreement remain sealed because it contains "confidential, commercially sensitive information of [the non-party] that is also subject to a confidentially provision." Letter Mot. at 1, ECF No. 29. In the versions publicly available on the docket, which are filed at ECF Nos. 28-10 and 49-10, the terms of the settlement payment and the settlement amount are redacted. For the reasons explained in this Court's November 27, 2024 Order, ECF No. 59, Defendant's Motion to Seal at ECF No. 29 is **GRANTED**. ECF No. 31-1 shall remain sealed with access limited to the applicable parties.

The remaining Motions to Seal, ECF Nos. 56 & 60, also concern the settlement agreement between Plaintiff and UMG Recordings, Inc. However, these pending requests differ from the prior ones in a critical way: Whereas the motions to seal at ECF Nos. 29 & 50 concerned "one substantive page of the 12-page Settlement Agreement," the Motions to Seal at ECF Nos. 56 & 60 concern proposed redactions to the "<u>full</u> Settlement Agreement." Letter Mot. ("Pl.'s Sealing Mot.") at 1, ECF No. 56. Both parties agree that the full settlement agreement should not be filed in unredacted form on the public docket. But they disagree on how much of the agreement must be redacted to protect Plaintiff and UMG Recordings, Inc.'s confidential, commercially sensitive business information. Plaintiff's proposed redactions are confined to portions of the agreement itself. *See* ECF No. 57 (under seal). Defendant's proposed redactions, on the other hand, concern not only parts of the full agreement but also sections of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, ECF No. 55 and portions of Plaintiff's Letter Motion to Seal, ECF No. 56.

Before determining which of the proposals is most appropriate, the Court recites the familiar tripartite framework for determining whether a document should be sealed at all and, if so, in what form that sealing should take (that is, whether the document should be sealed in its entirety or available in partially redacted form). Under established Second Circuit caselaw, certain documents—so called "judicial documents"—are "subject at common law to a potent and fundamental presumptive right of public access." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020).[1] A document is a judicial document if it "is one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 59. If a court determines that "the record at issue is a judicial document . . . to which the

---

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

presumption of public access attaches," it next "determine[s] the weight of the presumption of access to that document, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts"—the public. *Id.* "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

This Court has already found that the settlement agreement is a judicial document to which the presumption of public access attaches. *See* Order ("Sealing Order"), ECF No. 59. It has also already found that there is a "there[ is] a 'strong presumption' of public access to [the settlement agreement], and the Court may not order it sealed without making a 'specific, on-the-record finding that sealing is necessary to preserve higher values' and issuing a 'narrowly tailored' sealing order. *Id.* (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Therefore, the sole question before the Court is whether either party's proposed redactions is sufficiently narrowly tailored to justify partial sealing and, if so, which proposal is most appropriate.

The main difference between the two proposals is that Defendant proposes redacting the terms of the licensing agreement incident to settlement and Plaintiff does not. Because the terms of the licensing agreement incident to settlement constitute substantive terms of the settlement agreement, the Court holds that they should not be made public. In other words, the settlement agreement should be redacted according to Defendant's proposal. As the Court has already noted:

> The information that Defendant seeks to have redacted relates to the terms of a settlement agreement between Plaintiff and a commercial non-party. It is well-established that sensitive commercial information is not afforded a presumption of public access. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). It is also common in this district for courts to order sealing or redaction of documents in the name of a third party's personal privacy interests. *See Under Seal v. Under Seal*, 273 F. Supp.3d 460, 467 (S.D.N.Y. 2017). Defendant seeks to use the document as a whole to support its motion to dismiss, but the specific information to be redacted (i.e., the settlement terms and amount) has no bearing on the merits of Defendant's motion. Absent such relevance, the Court finds that partial

3

sealing (i.e., redacting this information) is appropriate. *Cf. United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (finding low presumption of public access to documents and testimony that "play only a negligible role in the [Court's] performance of [its] Article III duties.").

Sealing Order. Defendant notes that "Plaintiff does not agree to all of the Requested Redactions, and it reserves the right to respond to [Plaintiff's] letter motion with its own submission." Letter Mot. ("Def.'s Sealing Request") at 2 n.2, ECF No. 60. But Plaintiff never filed any such opposition, and it is not clear to the Court why Plaintiff wishes for the terms of the confidential settlement agreement to appear on the public docket. Therefore, the settlement agreement shall be filed in redacted form in accordance with Defendant's proposal.

For the reasons explained above:

- The Motion to Seal at ECF No. 29 is GRANTED.
- The Motion to Seal at ECF No. 60 is GRANTED.
- The Motion to Seal at ECF No. 56 is DENIED AS MOOT.

ECF Nos. 31-1, 55, 56, 57, and 62 shall remain under seal with access limited to the applicable parties. **By May 1, 2025**, Plaintiff shall file three documents on the public docket, all of which shall be redacted in accordance with Defendant's proposals at ECF No. 62: (1) the full, twelve-page settlement agreement; (2) Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, ECF No. 55; and (3) Plaintiff's Letter Motion to Seal, ECF No. 56.

The Clerk of Court is respectfully directed to terminate ECF Nos. 29, 56, and 60.

SO ORDERED.

Dated: April 24, 2025
New York, New York

                                                               DALE E. HO
                                                           United States District Judge