UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUFAMERICA, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>UNIVERSAL MUSIC PUBLISHING, INC.,<br><br>       Defendant. | 24 Civ. 2585 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

In 1973, The Honey Drippers recorded and released a song called "Impeach the President," which Plaintiff TufAmerica, Inc. ("TufAmerica") holds the copyright for. In 1992, Mary J. Blige released a song called "Real Love," the musical composition of which Defendant Universal Music Publishing, Inc. ("Universal") published. Now, more than three decades later, TufAmerica brings this suit against Universal for copyright infringement, claiming "Real Love" exploited uncleared samples and corresponding compositional elements from "Impeach the President." TufAmerica also seeks a declaratory judgment and injunctive relief. Universal moves to dismiss pursuant to Rule 12(b)(6).[1] ECF No. 46. For the reasons explained below, Universal's Motion to Dismiss is **GRANTED**.

BACKGROUND

Unless otherwise specified, the following facts are taken from TufAmerica's Amended Complaint and the documents incorporated by reference therein. See *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021).[2] The Court assumes these facts are true for the purpose of

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

[2] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

adjudicating this motion to dismiss. *See, e.g.*, *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013). The Court construes these facts in the light most favorable to TufAmerica as the non-moving party. *See id.*

TufAmerica "is owner of all rights in and to the musical composition entitled 'Impeach the President,' and holds a U.S. Copyright Registration in connection with that musical composition and sound recording of the composition." Am. Compl. ¶ 7. "'Impeach the President' was created and published in 1973." Pl.'s Mem. L. Opp'n Def.'s Mot. to Dismiss ("Pl.'s Mem.") at 2, ECF No. 55. The song was performed by The Honey Drippers. Copyright Registration, ECF No. 36-1. TufAmerica registered the song with the United States Copyright Office in 1991. Pl.'s Mem. at 2.

Universal "is the music publisher of the musical composition entitled 'Real Love,'" which "was recorded by Mary J. Blige for UMG Recordings." Am. Compl. ¶ 11. "'Real Love' sampled drum sounds and copied the corresponding compositional elements from" a song called "Top Billin,'" which was recorded by a group called Audio Two. *See id.* ¶¶ 12-13. "Top Billin,'" in turn, "sampled those same drum sounds and copied those same corresponding compositional elements from 'Impeach the President.'" *Id.* ¶ 13. Based on modifications "Real Love" made to the drum sounds in "Top Billin,'" TufAmerica alleges that "'Real Love' . . . not only incorporates the drum sounds and corresponding compositional from 'Impeach the President' that were used in 'Top Billin'' but modifies 'Top Billin'' in a manner that brings 'Real Love' closer, musicologically, to 'Impeach the President.'" *Id.* ¶ 20. The Amended Complaint contains a transcription comparing drumbeats in two segments of "Impeach the President" and "Real Love," purporting to identify certain "identical drum rhythms." *Id.* The two segments in question each amount to less than one second of the respective compositions. *See* Def.'s Mot. to Dismiss ("Def.'s Mem.") at 15, ECF No. 47.

2

Based on the foregoing, TufAmerica brings claims for copyright infringement on the basis on Universal "incorporat[ing] uncleared samples and corresponding compositional elements from the musical composition 'Impeach the President' into the musical composition 'Real Love.'" Am. Compl. ¶ 27. TufAmerica also seeks a declaratory judgment "that it is the owner of all rights in and to the musical composition 'Impeach the President,' and a declaration that Defendant's ongoing exploitation of the musical composition . . . constitutes copyright infringement." *Id.* ¶ 48. Finally, TufAmerica seeks "preliminary and permanent injunctive relief enjoining and restraining Defendant, and anyone acting at its direction or under its control, from infringing Plaintiff's copyright in the musical composition 'Impeach the President.'" *Id.* ¶ 59.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor." *Id.* at 106-07. However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

### I. Counts Two (Declaratory Judgment) and Three (Injunctive Relief)

The Amended Complaint contains three causes of action: one for copyright infringement (Count I), one for declaratory judgment (Count II), and one for injunctive relief (Count III). Am. Comp. ¶¶ 23-59. At the outset, the Court notes that neither a declaratory judgment nor injunctive relief are independent causes of action. *See, e.g., Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021) ("A request for relief in the form of a declaratory judgment does not

constitute an independent cause of action." (citing *In re Joint Eastern and Southern Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993)); *U.S. Bank Nat'l Assn. v. Mattone*, 769 F. Supp. 3d 298, 316 (S.D.N.Y. 2025) ("An injunction (whether preliminary or final) is a form of relief, not an independent cause of action."); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406 (S.D.N.Y. 2010) ("Declaratory judgment and injunctions are remedies, not causes of action."). Therefore, the Court dismisses Counts II and III of the Amended Complaint to the extent that they are pled as independent causes of action. The Court construes these causes of action as requests for declaratory judgment and injunctive relief in connection with Count I of the Amended Complaint—TufAmerica's copyright infringement claim. *See Cisco Systems, Inc.*, 557 F. Supp. 3d at 747-74; *Mattone*, 769 F. Supp. 3d at 316 n.12 (citing *Chiste*, 756 F. Supp. 2d at 407).

## II.   Count I (Copyright Infringement)

### A.   Legal Standard

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Neither party disputes that TufAmerica owns the copyright for "Impeach the President," so "the Court's inquiry will turn on the second prong of the prima facie requirement," *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 595 (S.D.N.Y. 2013). Proving that Universal is liable for "copying the constituent elements of ["Impeach the President"] that are original" requires TufAmerica to "demonstrate that: (1) [Universal] has actually copied [its] work; *and* (2) the copying is illegal because a substantial similarity exists between the ["Real Love"] and the protectable elements of ["Impeach the President"]." *Abdin v. CBS Broadcasting Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (emphasis in original).

4

Universal appears to concede that the Amended Complaint sufficiently pleads that "Real Love" copied "Impeach the President." In its Memorandum of Law supporting its Motion to Dismiss, Universal does not dispute this point, focusing instead whether there is substantial similarity between the two songs. *See* Def.'s Mem. at 8-13. The Motion to Dismiss, therefore, turns on that issue.

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." *Abdin*, 971 F.3d at 66.[3] Courts apply this test—called the "ordinary observer test"—by asking "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Gray v. Paramount Global*, No. 25 Civ. 3484, 2025 WL 2268046, at *6 (S.D.N.Y. Aug. 8, 2025) (quoting *Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 66 (2d Cir. 2010)). "In the context of music plagiarism, the Second Circuit has described this ordinary observer test as requiring proof that 'defendant took from plaintiff's works so much of what is pleasing to the ears of lay listeners, who comprise the audience for whom such . . . music is composed, that defendant wrongfully appropriated something which belongs to the plaintiff.'" *Pyatt v. Raymond*, No. 10 Civ. 8764,

---

[3] The substantial similarity test is "used in most copyright infringement cases." *Diamond*, 968 F. Supp. 2d at 596. However, in a copyright infringement case "where the defendant copies a portion of the plaintiff's work exactly or nearly exactly, without appropriating the work's overall essence or structure," courts analyze the plaintiff's claim by evaluating the works' "fragmented literal similarity." *Id.* at 597; *see also Williams v. Broadus*, No. 99 Civ. 10957, 2001 WL 984714, at *3 (S.D.N.Y. Aug. 27, 2001) ("Fragmented literal similarity exists where . . . parts of the pre-existing work are copied, in this case note for note, in the new work."). In this case, TufAmerica does not allege that "Real Love" copies all or a portion of "Impeach the President" exactly, nor does it respond (or object) to Universal's argument that the ordinary observer test should be used to evaluate its copyright infringement claim. The Court therefore uses the ordinary observer test to evaluate the substantial similarity of "Impeach the President" and "Real Love." *See Richards v. Warner Music Group*, No. 22 Civ. 6200, 2024 WL 4307994, at *4 (S.D.N.Y. Sept. 26, 2024) (noting "that a party's failure to address an issue in response to a Rule 12(b)(6) motion amunts to a concession or waiver of the argument").

2011 WL 2078531, at *4 (S.D.N.Y. May 19, 2011). "This analysis looks to the protectable elements of the work as a whole, rather than to any dissected portion thereof." *Diamond*, 968 F. Supp. 2d at 596; *see also Pyatt*, 2011 WL 2078531, at *5 ("[T]he Court is not required to dissect the works to compare only those elements which are themselves copyrightable. Rather, the Court is guided by comparing the [work's] total concept and overall feel with that of the allegedly infringed work as instructed by our good eyes and common sense.").

"District courts in this circuit may evaluate a question of substantial similarity at the motion to dismiss stage under Rule 12(b)(6)." *McDonald v. West*, 138 F.Supp.3d 448, 454 (S.D.N.Y. 2015) (citing *Peter F. Gaito*, 602 F.3d at 65). "When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because 'what is required is only a visual or aural comparison of the works.'" *Diamond*, 968 F. Supp. 2d at 595 (citing *Peter F. Gaito*, 602 F.3d at 64). "If, in making that evaluation, the district court determines that the two works are not substantially similar as a matter of law, the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief." *Id.*

Having closely reviewed the parties' papers and media incorporated by reference therein,[4] and having "examin[ed] the 'total concept and feel' of the two songs with 'good eyes and common sense,'" *Pyatt*, 2011 WL 2078531, at *9, it is clear to the Court that "Impeach the President" and "Real Love" are not substantially similar such that TufAmerica's copyright infringement claim

---

[4] In support of its Motion to Dismiss, Universal submitted several exhibits, including audio files of "Impeach the President," ECF No. 49-1, and "Real Love," ECF No. 49-2. "The Court conside[ed] these audio files because the two works at issue 'themselves supersede and control' and were relied upon by plaintiff when crafting the complaint." *Guity v. Santos*, No. 18 Civ. 10387, 2019 WL 6619217, at *2 (S.D.N.Y. Dec. 5, 2019) (quoting *Peter F. Gaito*, 602 F.3d at 64). Moreover, "[c]ourts in this district regularly consider audio files in th[e] context" of adjudicating motions to dismiss copyright infringement cases where the alleged infringement concerns music. *Diamond*, 968 F. Supp. 2d at 595.

can survive the Motion to Dismiss. The songs do not sound the same;[5] a lay listener would not recognize Real Love as "having been appropriated from" Impeach the President. *See Gray*, 2025 WL 2268046, at *6 (quoting *Peter F. Gaito*, 602 F.3d at 67). "Impeach the President" is a protest song from the 1970s that fits squarely within the soul/funk genre. "Real Love," by contrast, is a hip-hop soul song about heartbreak, not politics. *See Pyatt*, 2011 WL 2078531 at *9 (contrasting the plaintiff's song, which "takes strong influence from Jamaican dancehall and hip hop, but it does not fall squarely into either category," and the defendant's song, which "is R & B with unmistakable Motown influences," and further noting "that each song addresses a different type of relationship"), *aff'd*, 462 F. App'x 22 (2d Cir. 2012), *as amended* (Feb. 9, 2012). "Impeach the President" is sung by a group of men performed in a call-and-response style, and prominently features horns and guitar, while "Real Love" is sung by a woman, and is driven by piano and drums. *See id.* (contrasting the plaintiff's song, "a call and response between a male and a female vocalist . . . styled as a conversation between two individuals," and the defendant's song, which features "a sole lead vocalist . . . accompanied by various back-up singers," and "is a monologue with a narrative in the first person."). And TufAmerica does not allege any similarities between the two songs in terms of their respective melodies or lyrics. *See Structured Asset Sales, LLC v. Sheeran*, 120 F.4th 1066, 1082 (2d Cir. 2024) ("Neither the melody nor the lyrics of *Thinking Out Loud* bears any resemblance to those in *Let's Get It On*."), *cert. denied*, No. 24-981, 2025 WL 1678986 (U.S. June 16, 2025).

Overall "the musical motifs are extremely dissimilar," and "the overall musical impression of each song is also different." *Pyatt*, 2011 WL 2078531, at *9. Any purported similarities in certain drum beats, *see* Pl. Opp. at 4, cannot be discerned due to the songs' qualitatively different

---

[5] *Compare* THE HONEYDRIPPERS, Impeach the President (Spotify, Tuff City Records June 1, 1973) *with* MARY J. BLIGE, Real Love (Spotify, Uptown Records July 28, 1992).

sounds. "Only substantial similarity—not any similarity—suffices. And similarity depends on context . . . . So while a similar chord progression and harmonic rhythm may create a similar sound and feel, that is not enough to show substantial similarity." *Structured Asset Sales, LLC*, 120 F.4th at 1081-82. In sum, "[t]he songs are lyrically and musically distinct," so TufAmerica's copyright infringement "claim fail[s] the ordinary observer test." *Pyatt v. Raymond*, 462 F.App'x 22, 24 (2d Cir. 2012).

TufAmerica's counter-arguments are either incognizable or unpersuasive. In its Opposition, TufAmerica cites to a declaration submitted as an exhibit to its brief, which it claims demonstrates the compositional similarities between "Impeach the President," "Top Billin'," and "Real Love." *See* Pl.'s Opp'n at 5-8 (citing and quoting from Decl. of Evan Lustig, ECF No. 55-1). But "[t]he facts newly alleged in plaintiff's opposition brief and the attached exhibits were neither incorporated by reference into the complaint nor relied upon by plaintiff when crafting the complaint," *Guity v. Santos*, No. 18 Civ. 10387, 2019 WL 6619217, at *2 (S.D.N.Y. Dec. 5, 2019), so the Court declines to consider them in adjudicating the pending Motion. *See, e.g.*, *Logfret, Inc. v. Gerber Fin., Inc.*, 559 F. Supp. 3d 348, 361 (S.D.N.Y. 2021) ("The Court declines to take these assertions into account because new facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered in deciding a motion to dismiss."). In any event, "the Court is not required to dissect the works" in this manner. *Pyatt*, 2011 WL 2078531, at *5. Instead, the Court need only "compar[e] the contested design's 'total concept and overall feel' with that of the allegedly infringed work' as instructed by our 'good eyes and common sense.'" *Diamond*, 968 F. Supp. 2d at 596-97 (quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338

F.3d 127, 133 (2d Cir.2003) and *Hamil Am. Inc. v. GFI,* 193 F.3d 92, 102 (2d Cir. 1999)). As explained above, the Court has done so and concludes that the songs are not substantially similar.[6]

---

[6] To the extent the declaration TufAmerica submitted as an exhibit to its Opposition could be interpreted to support a claim that "Real Love" "copies a portion of ["Impeach the President"] exactly or nearly exactly, without appropriating ["Impeach the President's"] overall essence or structure," *Diamond*, 968 F. Supp. 2d at 597, such that the fragmented literal similarity test applies, this argument fails procedurally because it was not raised, *see supra* note 3, and also on the merits. TufAmerica claims that "Real Love" "samples the drum sounds and corresponding compositional elements from 'Top Billin'' with limited modifications," Am. Compl. ¶ 18, and that these modifications "bring[] 'Real Love' closer, musicologically, to 'Impeach the President,'" *id.* ¶ 20. Setting aside that TufAmerica's (hand drawn) notations on both songs' scores, which purports to show similarities in the songs' drum sounds, seems to, in fact, show that the songs' compositional elements are *dissimilar*, *see* Def.'s Mem. at 9, the bigger issue with TufAmerica's argument is that it does not explain how "the sample" of "Impeach the President" in "Real Love" "is quantitatively and qualitatively important to ["Impeach the President"] such that the fragmented similarity becomes sufficiently substantial for the use to become an infringement," *Diamond*, 968 F. Supp. 2d at 598.

"When using the fragmented literal similarity test to "determin[e] substantial similarity, a court considers whether the copying is quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred." *Id.* TufAmerica makes no argument about the qualitative significance of the drum beat in "Impeach the President." Moreover, even if the sampled drum sound were qualitatively significant to "Impeach the President," its use in "Real Love" is not quantitatively sufficient to support the TufAmerica's copyright infringement claim. Assuming that "Real Love" copies the drum sounds from "Impeach the President" "exactly or nearly exactly" in the way TufAmerica appears to claim, such copying "amount[s] to less than 1 second of the composition . . . of the entire 'Impeach the President' track," Def.'s Reply Further Supp. Mot. Dismiss at 3, ECF No. 63, which is "3 minutes and 58.561 seconds long," Def.'s mem. at 15. TufAmerica does not dispute this point, first raised by Universal in its opening brief. *See id.* Courts applying the fragmented literal similarity test to determine substantial similarity have found that such a brief use of copied material is *de minimis* in the copyright context. *See, e.g., TufAmerica, Inc. v. WB Music Corp.*, 67 F. Supp. 3d 590, 595-96 (holding that an alleged sample that lasts "only a fraction of a second" was de minimis); *Diamond*, 968 F. Supp. 2d at 605 ("Quantitatively, the sample consists of a three-second drumbeat played once at the beginning of the song and constitutes at most three seconds of the 5:59 minute long song."); *Newton v. Diamond*, 388 F.3d 1189, 1195-96 (9th Cir. 2004) (holding that a "segment [that] lasts six seconds and is roughly two percent of the four-and-a-half-minute . . . sound recording" was not quantitatively significant); *cf. Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998) ("In determining whether or not the allegedly infringing work falls below the quantitative threshold for substantial similarity to the copyrighted work, courts often look to the amount of the copyrighted work that was copied."). So too here. The allegedly sampled drum sounds from "Impeach the President" that appear in "Real Love" are not quantitively significant enough to establish substantial similarity under the fragmented literal similarity test. Any such copying is *de minimis*, and cannot sustain TufAmerica's copyright infringement claim.

And TufAmerica's other cognizable arguments miss the mark. For example, Section III of TufAmerica's Opposition concerns "the scope of copyright protections for musical compositions" as compared to "the scope of protection for sound recordings of the same musical composition." Pl.'s Mem. at 8-11. But the issue before the Court is not whether copyright protection for musical compositions and sound recordings are coextensive. Instead, the issue is whether, in its copyright infringement claim based on musical composition, *see* Am. Compl. ¶¶ 23-34, TufAmerica can show that "Impeach the President" is "substantially similar" to "Real Love." As explained *supra*, it cannot.

Because TufAmerica's copyright infringement claim is dismissed, the Court need not reach its requests for declaratory judgment and injunctive relief.

## CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss is **GRANTED**. Under Rule 15, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, courts may deny leave to amend in cases of futility. *See, e.g.*, *Foman v. Davis,* 371 U.S. 178, 182 (1962). "Futility arises when a proposed amended complaint could not withstand a motion to dismiss." *Singh v. Deloitte LLP*, 123 F.4th 88, 93 (2d Cir. 2024). Here, amendment would be futile because TufAmerica cannot plead facts sufficient to establish the "substantial similarity" between "Impeach the President" and "Real Love." Therefore, this case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully requested to terminate ECF Nos. 25 and 46. The Clerk of Court is also directed to enter judgment and terminate this case.

SO ORDERED.

Dated: September 23, 2025

      New York, New York

                                                  DALE E. HO  
                                                  United States District Judge